E-FILED
Friday, 16 October, 2015  09:46:22 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **MICHAEL ("MIKE") B. VERKRUYSE,** | ) |
| | ) **Case No.** |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| **KHB ENTERPRISES, INC. , d/b/a** | ) |
| **MARKETVIEW CAR WASH LUBE AND** | ) |
| **DETAIL ,** | ) |
| | ) |
| **KRAIG BUENERKEMPER, individual,** | ) |
| | ) |
| **AND** | ) |
| | ) |
| **HOLLY BUENERKEMPER, individual,** | ) |
| | ) **Equitable Relief Requested** |
| Defendants. | ) |

## COMPLAINT AND JURY DEMAND

**NATURE OF CLAIM**

1.  This is an action consisting of wage claims under section 16(b) of the Fair Labor Standards Act ("FLSA") 29 U.S.C. section 201 et. seq., and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 et. seq., and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 et. seq., and common law contract.

**THE PARTIES**

2.  Plaintiff is an adult male residing in DeWitt County, Illinois, and at all times relevant to this Complaint, was employed by Defendant KHB Enterprises, Inc. d/b/a Marketview Car Wash Lub & Detail (hereinafter "KHB").

3.  Plaintiff, at all times relevant to this complaint, was an "employee" within the meaning of Section 2(e)(1) of the FLSA, 29 U.S.C. section 202(e)(1), Section 3(d) of

the IMWL, 820 ILCS 105/3(d), and Section 2 of the IWPCA, 820 ILCS 115/2.

4. Defendant KHB is a domestic corporation doing business in Champaign, Illinois.

5. Defendant KHB is and, at all times relevant to this complaint, was an "employer" within the definitions of section 3(a) and 3(d) of the FLSA, 29 U.S.C. section 203(a) and (d), Section 3(c) of the IMWL, 820 ILCS 105/3(c), and Sections 2 and 13 of the IWPCA, 820 ILCS 115/2 and 115/13.

6. Defendant KHB is and, at all times relevant to this complaint, was an enterprise engaged in commerce or in the production of goods for commerce as defined in section 3(r) and 3(s) of the FLSA, 29 U.S.C. section 203 (r) and 203 (s), and had annual gross revenues in excess of $500,000.

7. Individual defendants are owners and management officials being held liable as acting in the interest of KHB within the meaning of section 203(d) of the FLSA, 29 U.S.C. section 203(d), section 3(c) of the IMWL, 820 ICLS 105/3(c), and sections 2 and 13 of the IWPCA, 820 ILCS 115/2 and 115/13.

**JURISDICTION AND VENUE**

8. The jurisdiction of this Court is conferred by 28 U.S.C. sections 1331 and 1337. This Court has supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. section 1367. Venue is properly laid in this judicial district pursuant to the FLSA and 29 U.S.C. section 1391.

**FACTUAL ALLEGATIONS**

9. Plaintiff began employment by KHB in Champaign, Illinois, on or about November, 2006, and left employment on August 3, 2015.

10. Plaintiff's duties during the last three years of his employment with KHB involved changing oil on motor vehicles (lube tech duties) and placing orders for oil filters, air filters, oil and light bulbs from Valvoline and Rainbow Oil, located in the state of Indiana.

11. Plaintiff's typical day involved arriving in the morning at about 7:00 a.m., cleaning the lobby and preparing the store for opening, performing the duties as described above and leaving at about 6:15 p.m. Plaintiff wore a shirt provided by KHB.

12. Plaintiff worked for KHB between 50 hours and 60 hours each work week.

13. The Defendants willfully failed to compensate Plaintiff at the rate of one and one half times his regular rate of pay for those hours worked in excess of forty hours per work week.

14. The KHB employee handbook (Exhibit A) states at 3-1 that compensation is a contract between management and employees and at 2-2 that compensation will be paid for all hours worked over 40 hours in a work week.

15. The KHB employee handbook provided a policy at 5-2 that employees are to receive one week vacation and an additional 20 hours per quarter, which additional amount was never paid to Plaintiff.

## COUNT I
## Violation of the Fair Labor Standards Act - Overtime Wages

16. Plaintiff realleges and incorporates paragraphs 1 through 15 of this complaint.

17. This count is brought under the FLSA and arises from KHB's willful violation of the Fair Labor Standards Act, 29 U.S.C. section 201, et. seq., for its failure to pay minimum wages and overtime to Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. Judgment in the amount of the owed wages and owed overtime wages;

B. Liquidated damages in an amount equal to the amount of unpaid wages and overtime wages;

C. Reasonable attorneys' fees and costs incurred in prosecuting this action; and

D. Such other and further relief as this Court deems just and proper.

Jury trial demanded.

## COUNT II
### Violation of the Illinois Minimum Wage Law - - Overtime Wages

18. Plaintiff realleges and incorporates paragraphs 1 through 15 of this complaint.

19. Defendants knew or showed reckless disregard for the fact that their failure to pay overtime to Plaintiff was in violation of section 4a(1) of the IMWL, 820 ILCS 105/4(a)(1).

20. By the facts alleged, Defendants violated the IMWL.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. Judgment in the amount of all back wages and overtime wages due as provided by the IMWL;

B. Prejudgment interest in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs of this action;

D. Injunctive relief precluding Defendants from violating the IMWL; and

E. Such other and further relief as this Court deems just and proper.

Jury trial demanded.

## COUNT III
## Violation of the Illinois Wage Payment and Collection Act

21. Plaintiff realleges and incorporates paragraphs 1 through 15 of this complaint.

22. Defendants and intentionally instituted practices that resulted in Plaintiff working certain time without compensation, in violation of the IWPCA.

23. Defendants knowingly and intentionally withheld the monetary equivalent of all earned vacation from plaintiff's final compensation in violation of section 5, IWPCA.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A.  Judgment in the amount of all back wages and monetary compensation due as provided by the Illinois Wage Payment and Collection Act;

B.  Prejudgment interest on the back wages and monetary compensation due in accordance with 815 ILCS 205/2 and damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.  Judgment in accordance with 820 ILCS 115/14(a) in the amount of two percent of the amount of all underpayments for each month following the date of payment during which each underpayment remains unpaid;

D.  Reasonable attorneys' fees and costs of this action;

E.  Injunctive relief precluding Defendants from violating the IWPCA; and

F.  Such other and further relief as this Court deems just and proper.

Jury trial demanded.

## COUNT IV
## Illinois Claim - Breach of Contract

24. Plaintiff realleges and incorporates paragraphs 1 through 15 of this complaint.

25.  Plaintiff and Defendants entered into a written contract, Exhibit A.

26.  Plaintiff has performed all the conditions on his part under the terms of the contract.

27.  Defendants have failed to fulfill the contract by withholding wages and the full monetary value of accrued vacation time.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A.  Judgment in the full amount of all back wages and monetary compensation due as provided in Exhibit A;

B.  Reasonable attorneys' fees and costs of this action; and

C.  Such other and further relief as this Court deems just and proper.

Jury trial demanded

                                      Respectfully submitted,

                                      **MICHAEL ("MIKE") B. VERKRUYSE**

                                      s/  James A. Devine
                                      Attorney for Plaintiff

James A. Devine
Attorney at Law
607 East Adams
Suite 1510
Springfield, Illinois 62701
voice (217) 788-0798
facsimile (217) 788-1660
email:  jamesalbertdevine@gmail.com
ARDC No. 0625140